### Evans *v.* Hatcher.

The Code of Practice, Art. 375, as amended by the statute of 1839, declares: "That where the plaintiff resides out of the State, the defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with or incidental to the main cause of action."

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.
    *Hamner & Hays,* for plaintiff.    *Steele,* for defendant and appellant.

. Voorhies, J.   The defendant is appellant from a judgment rendered against him on his two promissory notes, one for $613 54, with 8 per cent. interest from the 1st May, 1850, until paid, and the other for $51 30, dated 26th November, 1851, and payable on demand.

The defence is, that the note of $613 54 was given in settlement and liquidation of the accounts of a partnership which formerly existed between the plaintiff and the defendant; that the debts due to said firm were placed in the hands of an attorney for collection, the proceeds of which were to be first applied to the satisfaction of said note, and the residue paid over to the respective parties; that it was agreed between the parties that said debts thus given as collateral security for collection should be first exhausted before the defendant should be called upon for the payment of said note; that the sum of $109 09, received by the plaintiff from the attorney charged with the collection of said claims, has not been credited on said note; that in the year 1852, the defendant gave the plaintiff an order on said attorney for certain notes therein specified, amounting to $1,439 34, which he has either collected or suffered to be prescribed in his hands and should therefore be held liable to the defendant for one-half thereof, &c.

· The alleged agreement is not established.   The receipt of the attorney shows that the notes, claims, and accounts of the partnership in his hands, if collected, were to be accounted for one-half to the plaintiff and the residue, so far as the same was necessary, to the payment of the note in question, and the remaining balance to the defendant.   The deposition of the attorney was taken under commission; he deposes that he has no knowledge that the plaintiff agreed to wait until the payment of the notes and claims in his hands for collection before the note of $613 54 should become demandable.   That on the defendant's order in favor of the plaintiff, dated 8th November, 1851, he delivered to the latter claims on the schedule from nine inclusive to seventeen; the last he had previously delivered to the plaintiff.   Those claims, which

amounted to $957 34, have never been returned. The witness further deposes that, he is unacquainted with the circumstances of the parties indebted on those claims, whether solvent or not: nor does he know whether the plaintiff has received any portion of said claims. According to the account kept by the witness, he paid over to the plaintiff $109 09, the net proceeds collected by him ; the defendant never received anything from those claims. The date of the receipt of that sum does not appear.

The matters pleaded in reconvention by the defendant, were ruled out by the Judge *a quo.* In this, we think, the Judge erred. The Code of Practice, Article 375, as amended by the statute of 1839, declares, " that when the plaintiff resides out of the State, the defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action." The plaintiff in this case resided out of the State. The defendant's answer did not put at issue the consideration of the notes sued upon, but only pleaded in compensation a distinct and separate demand, which did not, in any respect, involve the settlement of the partnership which formerly existed between the parties ; on the contrary, the demand seems to have been founded on the assumption of the dissolution and settlement of that partnership, and the notes and accounts resulting therefrom placed in the hands of an attorney as the joint property of the parties, the defendant's share to be first applied to the payment of the note in suit. That such appears to have been the understanding of the parties is clearly deducible from the receipt and deposition of the attorney. Has the defendant's share been so applied ? The plaintiff has received not only all the money collected, but a large amount of the notes and accounts from the attorney. Whether he has received them in his own right, in pledge, or otherwise, he is no less bound to account for one-half of them to the defendant; and is equally bound to the defendant for the one-half of such of them as may have been prescribed or lost in consequence of his laches.

It is therefore clear that the defendant was entitled, first, to the credits endorsed on the back of the note of $613 54; secondly, to one-half of $109 09, received by the plaintiff from the attorney ; and, thirdly, one-half of whatever amount was legally due to him out of the notes and claims thus received by the plaintiff. In remanding the case for the purpose of ascertaining the liability of the latter in this respect, we do not wish to be understood as having given a final judgment in relation to the credit of one-half of $109 09, which may be shown by the plaintiff as having already been included in some of the credits endorsed on the back of the note.

It is therefore ordered and decreed, that the judgment of the District Court be avoided and reversed, and that the case be remanded for further proceedings in accordance with the principles announced in this judgment, the plaintiff to pay the costs of appeal.